UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JACK BRAUN, | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. 4:11CV1751 HEA |
| vs. | ) |
| | ) |
| ALAN EARLS, | ) |
| | ) |
| Respondent. | ) |

### **MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Request for an Injunction directed at Respondent, Alan Earls, [Doc. No. 14]. In a letter to the Clerk of the Court, Petitioner states that he has this habeas corpus petition pending before this Court, that he has requested that the warden authorize him to use the law library the maximum amount of time allowed at his place of incarceration, and that he has been denied this access to the library. Petitioner seeks an injunction directed to the warden to allow him library access. Petitioner also asks for a "T.R.O. order to stop any retaliation that may be brought on by my legal work here."

### **Discussion**

In determining whether a temporary restraining order or preliminary injunction is warranted, the Court is guided by *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109 (8th Cir.1981). "The primary function of a preliminary

injunction is to preserve the status quo until, upon final hearing, a court may grant full, effective relief." *Kansas City Southern Trans. Co., Inc. v. Teamsters Local Union # 41*, 126 F.3d 1059, 1065 (8th Cir.1997) (internal quotation omitted). Injunctive relief is only appropriate where the party seeking the relief has no adequate remedy at law. The relevant factors to be considered by a district court are: "(1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on the other interested parties; and (4) whether the issuance of an injunction is in the public interest." *Entergy, Arkansas, Inc. v. Nebraska*, 210 F.3d 887, 898 (8th Cir . 2000) (citing *Dataphase*, 640 F.2d at 114).

No one factor is dispositive of a request for injunction; the Court considers all of the factors and decides whether "on balance, they weigh towards granting the injunction." *Baker Elec. Co-Op, Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir.1994) (quoting *Calvin Klein Cosmetics Corp. v. Lenox Lab.*, 815F.2d 500, 503 (8th Cir.1987). The burden of establishing that preliminary relief is warranted is on the party seeking the injunction. *Id.* In this case, the Court finds that the Dataphase factors have not been satisfied, and a preliminary injunction will not issue.

Petitioner has not established any of the relevant factors used to assess the need for a restraining order or an injunction. Petitioner merely states that he has is

not receiving access per the institution's limits.  Petitioner has not advised the Court of the administrative measures he has taken to receive access.  Petitioner has failed to set forth any irreparable harm he has suffered or will suffer if he does not receive the maximum allowed time.  Petitioner has not filed any motions with this Court to demonstrate that he needs more time to prepare his case.  Moreover, Petitioner has failed to present any evidence that there is no reason the institution is refusing him the maximum time allowed, for example, legitimate penal concerns regarding the amount of time spent by this particular inmate in the law library.

The internal workings of the prison system are left to the administrators of the prison, based upon the penological goals of the system.  This Court does not interfere with the prison rules unless Petitioner can establish that he has followed the administrative procedure required or that even following those procedures is a violation of Petitioner's rights.

## Conclusion

All four factors weigh against Plaintiff.  In the final analysis, Petitioner seeks equitable remedies without supporting evidence that he is entitled to such.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Preliminary Injunction, and the post script request for a temporary restraining order,  [Doc. No.

14], are denied.

Dated this 14th day of September, 2012

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE