UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JACK W. BRAUN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:11CV1751 HEA |
| ) | |
| ALAN EARLS, ) | |
| ) | |
| Respondent. ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254 [Doc. No. 2]. Respondent has filed his Response to the Court's Order to Show Cause [Doc. No. 19]. Upon review of this matter, the Court concludes that the Petition is untimely, pursuant to 28 U.S.C. § 2244(d). The Petition will, therefore, be denied and dismissed.

## Background

On May 16, 2008, Petitioner pled guilty to two counts of possession of a controlled substance and was sentenced to seven years imprisonment for each count, to run concurrent with each other. Petitioner did not appeal the sentence.

On June 4, 2008, Petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035. Counsel entered an appearance for Petitioner on June 30, 2008, and filed an amended motion on March 31, 2009. In an order dated September 18, 2009, the motion court denied the relief sought by Petitioner. No appeal was taken by Petitioner.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners after the statute's

effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

> In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, held that:
>
> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000). Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." 529 U.S. at 409.

## Grounds for Relief

As a basis for relief under this federal habeas corpus application Petitioner asserts that (1) his trial attorney was ineffective for failing to communicate, failing to fully explain trial procedures, and for "abandoning" Braun by sending another attorney to represent him at a hearing when she had a scheduling conflict; (2) his "appellate" attorney was ineffective because

"counsel would only tell plaintiff what plaintiff could lose not what he could gain or whether plaintiff had a chance of prevailing"; (3) the search and seizure which led to the charges against him was illegal; and (4) his due process rights were violated by the delay between his arrest and arraignment.

Respondent asserts that all of Petitioner's grounds for federal habeas relief lack merit. Respondent also argues that the Petition is untimely and procedurally barred as it was not appropriately pursued in the State court.

## Discussion

**A.     Timeliness**

Pursuant to AEDPA, there is a one-year statute of limitations when a state prisoner petitions for federal habeas corpus relief. *King v. Hobbs,* 666 F.3d 1132, 1134–35 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(1)). The statute of limitations begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The date on which judgment becomes final, and the statute of limitations begins to run, differs based on the level of review sought by the petitioner. If the petitioner sought review in the "state court of last resort," then the Supreme Court has jurisdiction to review the appeal and judgment will be considered final 90 days after the conclusion of the direct criminal appeal in the state system. *Id.* (citing *Gonzalez v. Thayer,* 132 S. Ct. 641, 656 (2012)); *see also* Sup. Ct. R. 13.1; 28 U.S.C. § 1257(a). On the other hand, should a state prisoner opt not to seek review in the "state court of last resort," then "the judgment becomes final on the date that the time for seeking such review expires." *Id.* (quoting *Gonzalez*, 132 S. Ct. at 646). Once judgment is final, the statute of limitations begins to run. *See* 28 U.S.C. § 2244(d)(1)(A).

Here, Petitioner was sentenced on May 16, 2008, and did not file a direct appeal of his conviction. Pursuant to Missouri Supreme Court rules 30.01 and 81.04, Petitioner had 10 days after his conviction in which to file his appeal. The statute of limitations under AEDPA therefore began to run on May 26, 2008.

The one-year limitations period was tolled, however, during the pendency of Petitioner's post-conviction proceedings. 28 U.S.C. § 224(d)(2). Accordingly, the statute of limitations ran nine days from May 26, 2008 through June 4, 2008, the day Petitioner filed his motion for post-conviction relief. The statute began to run again on October 28, 2009, the date Petitioner's ability to appeal the denial of his motion for post-conviction relief expired. *See* Missouri Supreme Court Rules 81.04, 81.05; *Williams v. Bruton*, 299 F.3d 981, 982–83 (8th Cir. 2002).

The Petition is out of time. Under AEDPA, Petitioner's federal habeas Petition was time barred on October 19, 2010. Petitioner did not sign and place his federal habeas petition in the prison mail system until September 16, 2011. Thus, the Petition is barred by the statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A).

Petitioner argues that his Petition is timely based on what the Court will construe as a theory of equitable tolling. Under the doctrine of equitable tolling, § 2244(d)'s statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is a flexible procedure that involves both recognition of the role of precedent and an "awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id.* at 649–50.

Petitioner buttresses his equitable tolling argument on his purported recent discovery through legal research of the rights underpinning his merits arguments. He asserts that his various lawyers failed to explain the legal issues to him, thus delaying the "[t]he date on which

the factual predicate of the claim or claims presented could have been discovered through the exercise of true diligence."

The Eighth Circuit has noted that "'[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.'" *Earl v. Fabian*, 556 F.3d 717, 724 (8th Cir. 2009) (quoting *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000)); *see also Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) ("Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling.") (quotation marks omitted). Accordingly, the Court rejects this argument for equitable tolling.

Based on the foregoing, the Court finds that the Petition is untimely, pursuant to 28 U.S.C. § 2244(d).

**B.     Procedural Bar**

One who pursues relief under 28 U.S.C. §2254(b)(1)(A) must have exhausted the remedies available in the courts of the State. In order to effectuate the fulfillment of this requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before presenting those issues as application for federal habeas relief in federal court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). "A federal habeas petitioner's claims must rely on the same factual and legal bases relied on in state court"; otherwise, they are defaulted. *Winfield v. Roper,* 460 F.3d 1026, 1034 (8th Cir. 2006).

Exhaustion "refers only to remedies still available at the time of the federal petition." *Engle v. Isaac,* 456 U.S. 107, 125 n.28, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982). Thus, "if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law," the

exhaustion requirement is satisfied. *Castille v. Peoples,* 489 U.S. 346, 351, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989). "[T]he procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." *Gray v. Netherland,* 518 U.S. 152, 161-62, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996).

In Missouri, "habeas corpus is not a substitute for appeal or post-conviction proceedings." *State ex rel. Simmons v. White,* 866 S.W.2d 443, 446 (Mo. banc 1993). "Missouri law requires that a habeas petitioner bring any claim that a conviction violates the federal or state constitution, including a claim of ineffective assistance of counsel, in a motion for post-conviction relief." *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006). Accordingly, an offender who fails to raise his claims on direct appeal or in post-conviction proceedings has procedurally defaulted those claims "and cannot raise [the waived claims] in a subsequent petition for habeas corpus." *State ex rel. Nixon v. Jaynes,* 63 S.W.3d 210, 214 (Mo. banc 2001). Petitioner herein did not file a direct appeal of his 2008 conviction, and failed to appeal the denial of his post-conviction relief motion. His claims are, therefore, procedurally barred. *See Lowe-Bey v. Groose*, 28 F.3d 816, 818 (8th Cir. 1994) (citations omitted); *Watson v. Nixon*, 2014 U.S. Dist. LEXIS 49621, at *9–10 (E.D. Mo. Apr. 10, 2014) (citing *Randolph v. Kemna*, 276 F.3d 401, 404–05 (8th Cir. 2002)); *Gehrke v. State*, 280 S.W.3d 54, 58–59 (Mo. banc 2009).

There are circumstances where a court may nonetheless reach the merits of a procedurally barred claim, but only if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). In order to satisfy the "cause"

requirement, Petitioner must show that an "external" impediment prevented him from presenting his claim to the state court in a procedurally proper manner. *Id.* at 753. In this case, Petitioner does not allege cause and prejudice, or actual innocence. The claims contained in Petitioner's Petition are therefore procedurally barred.

As Petitioner has failed to fall within the ambit of reviewable applications for writ of habeas corpus the court will not address his claims relating to the merits of his application.

**C.     Certificate of Appealability**

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c). Based on the record, and the law as discussed above, Petitioner has failed to demonstrate that jurists of reason would find it debatable whether the Petition is untimely and the claims are procedurally defaulted. Further, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. Thus, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition filed by Petitioner for habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. No. 2] is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue.

A separate judgment in accordance with this Opinion, Memorandum, and Order is

entered this same date.

Dated this 7th day of November, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE